82 F.3d 419
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Greg MORRIS, Defendant-Appellant.
 No. 95-5559.
 United States Court of Appeals, Sixth Circuit.
 April 9, 1996.
 
 Before: BROWN, MARTIN, and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Morris pleaded guilty to attempting to possess cocaine with intent to distribute, in violation of 21 U.S.C. § 846, and carrying and using a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Morris brings a direct appeal alleging that he suffered from ineffective assistance of counsel because his counsel had a conflict of interest. Because Morris did not prove the existence of an actual conflict or even allege any defects in his counsel's performance, we affirm both his sentence and conviction.
 
 
 2
 * Morris was caught by authorities who were conducting an undercover sting operation when he attempted to buy 10 kilograms of fake cocaine from a confidential informant. Morris attempted to flee the scene, but was caught. Morris first pleaded not guilty, but then changed his plea to guilty at a change-of-plea hearing. Morris cooperated with authorities after his capture and qualified for a 60-month downward departure pursuant to USSG § 5K1.1. His final sentence was 150 months of imprisonment and five years of supervised release.
 
 
 3
 At the change-of-plea hearing, Morris's attorney mentioned to the court that Morris showed up at his office when an individual that Morris happened to have informed against in the past was also present. Morris's attorney told the court that he thought this chance meeting must have been very uncomfortable for both men, although they "dealt with it as gentlemen."
 
 
 4
 Morris now appeals his conviction on the grounds that the trial court erred when it did not inquire further into what Morris contends amounted to conflict of interest on the part of his counsel.
 
 II
 
 5
 Morris claims only that the trial court erred by not inquiring further about the possibility of a conflict after his counsel told of having in his office another individual on whom Morris had previously informed. Morris relies on Cuyler v. Sullivan, 100 S.Ct. 1708, 1717 (1980) which holds that reversal is mandated where a court knows or should know that a particular conflict exists and fails to inquire into that conflict.
 
 
 6
 Morris's claim is defective, however, because he failed to show (1) that there was an actual conflict; (2) that the conflict led to any deficiency in the performance of his counsel; or (3) that he suffered any prejudice. Morris simply relates the story about his counsel telling the court about the chance meeting of Morris and the other person against whom he apparently provided information to the Drug Enforcement Agency. Morris then asserts that this party had interests "adverse to Appellant." There is no explanation of how their interests were adverse, nor is there any intimation that Morris's counsel provided anything but effective assistance. Given that Morris pleaded guilty and received a downward departure to a sentence well below the guidelines range, it seems difficult even to find any room for the behavior of his counsel to have influenced the outcome of his case. Nor can we see how this story could require a district court, without prompting to inquire further into the existence of a conflict of interest.
 
 
 7
 We have previously held that where a claim of ineffective assistance of counsel because of conflict of interest is raised for the first time on appeal, a defendant must demonstrate that an actual conflict of interest adversely affected his lawyer's performance. United States v. Hopkins, 43 F.3d 1116, 1118 (6th Cir.1995). We have also held that we will not grant relief on ineffective assistance of counsel claims on direct appeal unless the record is complete enough to allow the court to determine that counsel's actions were in fact ineffective. United States v. Wunder, 919 F.2d 34 (6th Cir.1990).
 
 III
 
 8
 Because Morris's appeal is defective in all these respects, his conviction and sentence are AFFIRMED.